# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re ARGON CREDIT, LLC, et al., ) | |
| ) | |
| Debtors, ) | Appeal from 16-bk-39654 |
| _____ ) | |
| FUND RECOVERY SERVICES, LLC, ) | Case No. 17 C 5381 |
| ) | |
| Appellant, ) | |
| v. ) | |
| ) | |
| ARGON CREDIT, LLC, et al., ) | |
| ) | |
| Appellees. ) | |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

On July 20, 2017, Appellant Fund Recovery Services, LLC ("FRS") filed a notice of appeal and a motion for leave to appeal the Bankruptcy Court's July 6, 2017 "Order Resolving Disputed Trustee Election and Objection to Election." *See* 28 U.S.C. § 158(a)(1), (3). Because the Bankruptcy Court's July 2017 decision was not a final order under § 158(a)(1), the Court does not have jurisdiction to review FRS' appeal. Moreover, for the reasons discussed below, the Court, in its discretion, denies FRS' motion for leave to appeal under § 158(a)(3).

## BACKGROUND

On December 16, 2016, debtors Argon Credit, LLC and Argon X, LLC ("Debtors") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code after which the Bankruptcy Court entered an order of joint administration. (16-bk-39654, R. 1, 12/16/16 Voluntary Pet.) After the Bankruptcy Court granted FRS' motion to convert the proceedings to Chapter 7 liquidation, the U.S. Trustee appointed Deborah Ebner ("Ebner") to serve as Trustee. (R. 68, 1/11/17 Order; R. 69,

1/11/17 Letter of Appt.) The U.S. Trustee appointed Eugene Crane ("Crane") as Trustee after Ebner resigned. (R. 144, 4/17/17 Letter of Appt.)

On April 19, 2017, the Bankruptcy Court issued a notice of a meeting of creditors under 11 U.S.C. § 341(a) to be held on May 17, 2017. (R. 164, 5/18/17 Trustee Report of Disputed Election ¶ 6.) The following creditors appeared at the "341" meeting: (1) Margon Credit LLC ("Margon"); (2) FRS; and (3) Little Owl Argon, LLC ("Little Owl"). (*Id*. ¶ 7.) A Debtors' representative also attended the May 17 meeting. (*Id*. ¶ 8.) Pursuant to 11 U.S.C. § 702, FRS – the only creditor present that was eligible to participate in the election – requested a trustee election. (*Id*. ¶¶ 8, 9.) FRS elected Patrick J. O'Malley as Trustee over the objections of the interim Chapter 7 Trustee, Eugene Crane, and the two insider creditors. (*Id*. ¶ 10; Mem. Op., at 1.) On May 18, 2017, the Trustee filed a Report of Disputed Election. (R. 164, 5/18/17 Report.)

Thereafter, FRS filed a motion to resolve the disputed trustee election. (R. 166, 5/19/17 Motion.) On July 6, 2017, the Bankruptcy Court found that FRS was not a "qualified creditor" that could call for a Chapter 7 Trustee election under 11 U.S.C. § 702(b) because FRS' interest was materially adverse to other unsecured creditors. (R. 205, 7/06/17 Mem Op., at 1, 5.) The Bankruptcy Court thus disqualified O'Malley as Trustee. (*Id*.) On July 20, 2017, FRS filed the present notice of appeal and motion for leave to appeal. (R. 210.)

## ANALYSIS

I. **Appeal as of Right – 28 U.S.C. § 158(a)(1)**

FRS first argues that the bankruptcy judge's "Order Resolving Disputed Trustee Election and Objection to Election" is a final order under § 158(a)(1), and thus the Court has jurisdiction to review its appeal. *In re Sobczak-Slomczewski*, 826 F.3d 429, 431 (7th Cir. 2016) ("Congress confers jurisdiction on district courts to hear appeals from final orders of a bankruptcy court."). FRS' argument, however, flies in the face of well-established Seventh Circuit precedent:

2

> The decision of the bankruptcy court not to confirm the election of a trustee in a Chapter 7 matter – allowing the interim trustee to become permanent – is not a final order under our precedents. Such an order did not resolve the substantive rights of the parties in any way, but merely decided one procedural question along the way. Neither does such an order mark the conclusion of what, but for the bankruptcy, would be the equivalent of a stand-alone suit.

*In re Klein*, 940 F.2d 1075, 1077 (7th Cir. 1991). Nonetheless, FRS points out that certain Circuits have held otherwise. *See, e.g., In re A & E 128 N. Corp.*, 528 B.R. 190, 196 (B.A.P. 1st Cir. 2015) ("In the First Circuit, however, orders resolving trustee appointment disputes are final, appealable orders because they conclusively determine a significant and discrete issue in the bankruptcy case."). FRS, however, does not explain how this Court can ignore controlling Seventh Circuit precedent. *See Nichols v. Illinois Dep't of Transportation*, 152 F. Supp. 3d 1106, 1143 (N.D. Ill. 2016).

Similarly, FRS argues – albeit in a footnote – that the "collateral order doctrine" permits appellate review. *See Evergreen Square of Cudahy v. Wisconsin Hous. & Econ. Dev. Auth.*, 848 F.3d 822, 829 (7th Cir. 2017) ("A party may waive an argument by presenting it only in an undeveloped footnote."). Under Seventh Circuit precedent, the collateral order doctrine requires a showing of "irreparable harm stemming from a denial of immediate appeal." *In re Klein,* 940 F.2d at 1078; *see also Travis v. Sullivan*, 985 F.2d 919, 925 (7th Cir. 1993). Here, FRS has failed to argue or establish that its rights would be "irretrievably lost" if the Court denied jurisdiction. *See In re Klein,* 940 F.2d at 1078. Accordingly, the Bankruptcy Court's July 2017 ruling is not a final order under § 158(a)(1).

## II. Discretionary Appeal – 28 U.S.C. § 158(a)(3)

Next, FRS asks the Court to grant a discretionary interlocutory appeal. *See* 28 U.S.C. § 158(a)(3). When addressing a motion under § 158(a)(3), district courts apply the standard set forth in 28 U.S.C. § 1292(b), which governs interlocutory appeals from the district court to the

3

court of appeals. *See 880 S. Rohlwing Rd., LLC v. T&C Gymnastics, LLC*, No. 16-CV-07650, 2017 WL 264504, at *4 (N.D. Ill. Jan. 19, 2017); *In re IFC Credit*, No. 09 B 27094, 2010 WL 1337142, at *2 (N.D. Ill. Mar. 31, 2010). This standard includes "whether the order to be appealed involves a controlling question of law, whether an immediate appeal would materially advance the ultimate termination of the litigation, and whether there is a substantial ground for difference of opinion on the question of law." *Kenosha Unified Sch. Dist. No. 1 Bd. of Educ. v. Whitaker*, 841 F.3d 730, 732 (7th Cir. 2016). These criteria are in the conjunctive, and thus the movant must demonstrate all three factors. *See Ahrenholz v. Bd. of Trustees of the Univ. of Ill.*, 219 F.3d 674, 676 (7th Cir. 2000); *Wolf v. FirstMerit Bank, N.A.*, 535 B.R. 772, 775 (N.D. Ill. 2015). In addition, "because interlocutory appeals violate the normal judicial goals of finality and efficiency that come with the final judgment rule, leave to appeal should not be granted 'absent exceptional circumstances.'" *Wolf*, 535 B.R. at 776 (citation omitted).

As to the first requirement, a "question of law may be deemed 'controlling' if its resolution is quite likely to affect the further course of the litigation, even if not certain to do so." *Sokaogon Gaming Enter. Corp. v. Tushie-Montgomery Assocs., Inc.*, 86 F.3d 656, 659 (7th Cir. 1996); *see also Trustee of Jartran, Inc. v. Winston & Strawn,* 208 B.R. 898, 900 (N.D. Ill. 1997) (question of law is controlling when "its resolution is quite likely to affect the outcome or the further course of litigation, even if it is not certain to do so."). As the Seventh Circuit explains:

> We think "question of law" as used in section 1292(b) has reference to a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine.... The idea was that if a case turned on a pure question of law, something the court of appeals could decide quickly and cleanly without having to study the record, the court should be enabled to do so without having to wait till the end of the case[.]

*Ahrenholz,* 219 F.3d at 676-77; *see also Illinois Dep't of Revenue v. Elk Grove Vill. Petroleum, LLC*, No. 14 C 5072, 2015 WL 8481961, at *5 (N.D. Ill. Dec. 9, 2015) ("Court may only certify

4

a 'pure' question of law, meaning an issue the Seventh Circuit could decide 'quickly and cleanly without having to study the record.'") (citation omitted).

FRS' appeal does not involve a controlling question of law, but rather concerns the Bankruptcy Court's factual findings that FRS' interest was materially adverse to other unsecured creditors' interests. More specifically, the Bankruptcy Court based its conclusion on what it considered "credible allegations of preference liability," namely, the interim Chapter 7 Trustee's allegations that Argon Credit made several preference payments in the amount of approximately $1.2 million to a potential alter ego of FRS. (Mem. Op., at 4.) The interim Chapter 7 Trustee supported these allegations with Argon Credit's general ledger that listed certain transfers and the relevant dates. (*Id*. at 4-5.) Because the crux of FRS' appeal concerns the Bankruptcy Court's application of the facts to the law, FRS has not fulfilled the requirement that the appeal concerns a controlling question of law. *See 880 S. Rohlwing Rd.*, 2017 WL 264504, at *4 ("Interlocutory review is generally reserved for 'pure' questions of law – that is, 'abstract issue[s] of law ... suitable for determination by an appellate court without a trial record.'") (quoting *Ahrenholz*, 219 F.3d at 676-77); *U.S. Commodity Futures Trading Comm'' v. Kraft Foods Grp., Inc.*, 195 F. Supp. 3d 996, 1002 (N.D. Ill. 2016) (appeal does not involve "question of law because there is an essential factual predicate that must be determined by the appellate court before making any meaningful decision.").

Nevertheless, FRS argues that the controlling questions of law are: (1) "whether the existence of a material adverse interest under § 702(a) of the Bankruptcy Code must be determined on a case-by-case basis in jointly administered cases;" and (2) "what an election objector's burden of proof is when challenging a creditors eligibility to elect a trustee under § 702(a) on the basis of a disputed preference claim." (17 C 5381, R. 2, Mot. Leave Appeal ¶ 23.) The answers to these questions, however, would not materially affect the outcome of the case.

5

*See Sokaogon Gaming*, 86 F.3d at 659; *Trustee of Jartran,* 208 B.R. at 900.  To clarify, if the answers to these questions are in FRS' favor and the Court reverses the Bankruptcy Court's July 6, 2017 decision, the result would be that FRS would get the Chapter 7 Trustee of its choice, Patrick O'Malley.  In sum, this Court's reversal of the Trustee election would not materially change the outcome of the case nor resolve any of the parties' substantive rights because the affect is merely procedural.  *See In re Klein,* 940 F.2d at 1077-78 & n.3.

## CONCLUSION

Because the Bankruptcy Court's July 6, 2017 decision was not a final order under 28 U.S.C. § 158(a)(1), the Court does not have jurisdiction to review FRS' appeal.  In addition, the Court, in its discretion, denies FRS' motion for leave to appeal under 28 U.S.C. § 158(a)(3).

**Dated:**  August 14, 2017

                                              **ENTERED**

                                              **AMY J. ST. EVE**
                                              **United States District Court Judge**